IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Lemaster,  )<br>  )<br>             Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>Carolyn W. Colvin,  )<br>Acting Commissioner of Social  )<br>Security,  )<br>  )<br>            Defendant.  )<br>_____  ) | Civil Action No.: 9:13-3443-BHH<br><br><br>**OPINION AND ORDER** |

The plaintiff, Justin Lemaster ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On December 10, 2014, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 18.) The plaintiff filed Objections on January 4, 2015 (ECF No. 20), and on January 16, 2015, the Commissioner filed a Reply (ECF No. 21). For the reasons stated below, the Court rejects the Report and Recommendation to the extent inconsistent with this Order and reverses and remands the decision of the Commissioner.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 30 years old at the time of his alleged amended disability onset date; has a high school education; and past relevant work as a manufacturing fabricator, welder/pipe fitter and construction carpenter. (R. at 29, 62, 94-95.) The plaintiff's applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on April 3, 2013, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 19-30.) The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on December 10, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 18 at 24-25.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the

2

magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968).

Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on January 4, 2015 (ECF No. 20), and the Commissioner filed a reply on January 16, 2015 (ECF No. 21).  The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to properly weigh a substantial number of treating and examining medical opinions which supported a finding of disability and (2) failure to properly evaluate the plaintiff's credibility.[1]

The Court is generally of the view that the ALJ's consideration of the medical opinions was insufficient.  The plaintiff, in typically vigorous advocacy by counsel, has mapped the many alleged points of oversight by the ALJ, which taken together amount to a less than full consideration of the medical opinions.  It is undisputed that all three treating

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

4

providers, in this case, gave consistent opinions that would preclude work as of the relevant dates. (R. at 99-103.) The ALJ assigned "little" weight to the opinions of all three, Drs. Robert Yannetti, J. Saad, and Marco Rodriguez. (R. at 28.) The ALJ also rejected the opinion of the only other doctor of record, the nonexamining doctor on contract to the Administration. *Id.* So there was no doctor who found the limitations adopted by the ALJ.

The Court literally cannot discern the affirmative medical evidence or testimony relied upon in determining the plaintiff's residual functional capacity. The ALJ effectively rejected it all. The ALJ says he gave little weight to all the treating and examining physicians and found the plaintiff incredible. After having done so, and with some irony, transitions that "in sum," the following evidence supports the RFC:

> 5/5 strength in all extremities, except the lower left extremity which limits the claimant to the physical demands of sedentary work. Additional postural limitations were added to the claimant's reports of back pain and sensory loss in the lower left extremity. The mental portion of the residual functional capacity is based on the claimant's ongoing treatment for depression, and the effect of pain on his ability to relate to others.

(R. at 28.)

But, this is from evidence already rejected, except apparently the parts preferred. There's no discernable basis for why the ALJ built an RFC from certain records of these physicians but not others. As debated at length by the parties, the ALJ cited reasons to diminish the general weight given the treating source opinions. But that is not the same as explaining why certain portions of the medical record upon which such diminished weight opinions rest, should then be later reliable as opposed to other portions deemed unreliable. But, even if somehow the ALJ's explanations for why he discounted the treating source

5

opinions, generally, also properly doubled as rationale for the specific and selective reliance on their respective and underlying medical records, there are sufficient oversights or misstatements, as alleged by the plaintiff, to find such reasoning not substantial evidence to support the RFC. The Court would review a few.

Firstly, the plaintiff, on objection, has challenged the magistrate judge's determination that the ALJ properly discounted Dr. Saad's opinion for being based on the plaintiff's subjective complaints. He argues that Dr. Saad explicitly stated that her opinion was based on "[l]eft lateral disc protrusion at L5-S1 with compression of the exiting nerve. Left-sided lumbar foraminal narrowing. Degenerative disc disease at T11-T12 and T-12-L1." (R. at 419.) The defendant contends that the MRI finding, however, does not establish that the plaintiff would have to be absent from work more than three days a month or be required to rest away from the workstation for significantly more than an hour a day, as Dr. Saad had opined. (R. at 419.) The defendant emphasizes that the MRI report was reviewed by two State agency physicians, both of whom opined that the plaintiff could perform light work with no limitations on his ability to complete a normal workday or maintain regular attendance. (R. at 110-15, 123-27, 294-95.)

But, the problem is not with some interpretation of the MRI itself but that the ALJ believed that Dr. Saad's opinion was only based on subjective complaints. It clearly was not. He relied on the critical MRI, expressly. And, so the rationale is insubstantial.

In rejecting Dr. Yannetti's questionnaire, the ALJ explained that it was dated almost one year after Dr. Yannetti's last documented examination, in September 2011. (R. at 28, 313, 418). But, the plaintiff emphasizes that it has not been acknowledged by the ALJ or magistrate judge that Dr. Yannetti was made aware of the plaintiff's treatment after

6

September 2011. A review of the specialists' records shows that Dr. Yannetti was sent copies of their findings. For example, Dr. Yannetti was copied on Dr. Rodriguez's October 2011 report (R. at 320) and Dr. Yannetti was noted to be the referring source to Dr. Saad (R. at 336). Dr. Yannetti's awareness of the plaintiff's condition after his September 2011 office visit, in the context of his longstanding treatment relationship, make the ALJ's basis for discounting his ultimate opinion an additional overstatement of deficiency and not substantial to support the view.

Lastly, with regards to Dr. Rodriguez opinion, the ALJ found it too remote in time and inconsistent with the plaintiff's activities of daily living. (R. at 28.) Respectfully, both conclusions were summarily made. There is no explanation of how the remoteness created results inconsistent with the remainder of credible record or how exactly the plaintiff's activities belied the opinion. It is just stated. The treatment of Dr. Rodriguez's opinion, alone, would not constitute reversible error but in conjunction with the overall consideration of treating source opinions and the lack of affirmative evidentiary basis, generally, for the non-disability determination, it is another point of concern in the decision.

The ALJ also rejected the opinions of the non-examining state agency evaluators stating, "Continued reports of pain and findings of weakness in the left lower extremity suggest the claimant is more limited than indicated (Exhibits 1A, 4A)." (R. at 28.) Although the rejection of this opinion was, in a sense, to the plaintiff's credit, it leaves the ALJ's RFC literally without the support of a single medical expert's view. It is simply more indication of the island of rationale upon which the ALJ seems to have isolated himself.

So, it is worth again painting the broadest frame. In total, the ALJ rejected the consistent opinions of the plaintiff's long-term treating physician; two treating specialists;

and the opinions of non-examining state agency evaluators. The ALJ does not discuss the consistency of the three examining source opinions and prejudicially understates the extent to which they were based in objective evidence.  The decision cannot be affirmed.

The plaintiff has also objected concerning the ALJ's consideration of his credibility. The Court need not address it, specifically.  The plaintiff's credibility will necessarily need reconsideration upon the ALJ's review of the medical source opinions in this case.

## **CONCLUSION**

Respectfully, the Court cannot concur in the ultimate recommendation of the Magistrate Judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order.  The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration consistent with this Order.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 3, 2015
Greenville, South Carolina